[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDERS
The following orders were entered by the court, Frazzini, J., on January 20, 2000, in connection with a dissolution trial scheduled in this matter for that date. The court has ordered the plaintiff to cause these orders and the Notice to Dana J. Brehm to be served upon the defendant. The court has entered a stay on these orders until fourteen (14) days after their service on the defendant. If the defendant fails to move to reopen the judgment and provide the documentation requested by the court within fourteen (14) days from the date of service of this document, the following orders shall become effective on that date:
Real Property:
The Husband will quitclaim deed his interest in the real property located at 110 Lower Road to the plaintiff Wife. The plaintiff Wife will pay the mortgage, taxes and insurance on the property and indemnify and hold the defendant Husband harmless on the same.
Personal Property:
Each party shall keep his or her own bank accounts and motor vehicles. The remainder of the personal property shall be divided as follows: The Husband shall provide the Wife with a list of any personal property which he wants to remove from the marital home within 45 days of service of this document. If there is an agreement as to the division of property, notice shall be given to the court within fifteen days thereafter and the court will adopt the parties' agreement as an order of the court. If the defendant does not submit a list of personal property within the marital home that he seeks to retain within fifteen days, all personal property in the marital home shall become property of the plaintiff. If the parties cannot, within fifteen days after defendant submits his list to the plaintiff, agree to the division of personal property, the court orders them to attempt to mediate the dispute with a third-party they can agree upon; such mediation to occur within 30 days thereafter. If third-party mediation does not resolve the personal property dispute within thirty days after first submitted for mediation, they shall report that disagreement to the court within fifteen days thereafter, and the court will schedule a hearing to resolve the question. The court will retain jurisdiction to resolve any disputes on personal property. No property inherited by the Wife from her family nor being held by the Wife for her parents shall CT Page 1679 be included in the marital property. All of the personal property of the Husband located in the garage shall be removed by the Husband within 45 days after the date he receives notice of these orders. Anything not so removed from the garage shall be deemed the property of the Wife.
Division of Debt:
The defendant shall pay to the plaintiff the sum of $3,514.50 representing one-half of the outstanding liabilities jointly incurred by the parties, to wit: Credit card debt prior to November, 1998 — $5,819.00; Perotti Plumbing — $210.00; Lee Ann Brehm — $1,000. Said payment shall be made in full within 60 days from the date of notice of this order payable to Attorney Maureen E. Donahue, Trustee. The parties have a joint debt to the Internal Revenue Service (IRS). The Wife shall pay her one-half of that debt, $669.25, to the IRS by 2/15/2000. The balance, together with interest and penalties accrued, shall be the responsibility of the Husband. All other debt in each party's name shall remain the obligation of that party and they shall indemnify and hold each other harmless as to that debt.
Alimony:
The defendant shall pay the plaintiff the sum of One Dollar ($1.00) per year alimony for debt indemnification only.
Child Support:
The court reserves judgment and retains jurisdiction on the issue of child support until there is further submission from the defendant with regard to the child support calculation and defendant's income. The court orders the defendant to complete and submit to the court and counsel for the plaintiff a financial affidavit, using the Superior Court form JD-FM-6 (a blank copy of which should be among the papers served by the plaintiff upon the defendant.) The defendant shall sign the form under oath or affirmation. The defendant shall submit the completed form within 30 days after service of these orders.
Health Insurance:
The court reserves judgment and retains jurisdiction on the issue of past due unreimbursed health expenses. As to health insurance, the Husband is to continue health insurance for the CT Page 1680 benefit of the minor children until each one reaches the age of majority. Defendant is to provide 60 days advance notice of any cessation of payment of medical insurance due to the child's majority so that the plaintiff can attempt to continue the coverage, if possible. The defendant is ordered to cooperate with the plaintiff to and plaintiff to pay for insurance for the minor children through the defendant's employer while he or she is in college, if financially feasible for the plaintiff. The Husband is required to retain the Wife on his insurance until she is able to obtain her own insurance, but no longer than 60 days from the effective date of these orders.
The parties shall share unreimbursed medical expenses for the minor children as provided under the child support guidelines.
Life Insurance:
To the extent that he has life insurance, the defendant must maintain the same for the benefit of the minor children until the youngest child reaches majority and provide verification to the plaintiff of the same.
Furthermore, if the defendant currently has no life insurance, but can obtain it from or through his employer or union, or if defendant does not presently have the maximum amount of life insurance available from or through his employer or union, the defendant is ordered to submit to the plaintiff, within thirty days of the date of the service of this document, information as to the amount of life insurance available to him from or through his employer or union, and the cost of obtaining such insurance. The court will retain jurisdiction of this case with regard to life insurance and will entertain any future motion from the plaintiff to ensure compliance with this order or requesting an order that the defendant provide life insurance for the benefit of the minor children.
Other:
The defendant is the beneficiary of a life insurance policy on his mother. If the defendant receives proceeds from this life insurance policy, defendant will reimburse plaintiff $20,000.00 representing her contribution to the premiums. Payment is to be made within thirty days after receiving any such proceeds. To ensure compliance with this order, the defendant shall notify the plaintiff of his mother's death within thirty days after such CT Page 1681 event.
Restraining Order:
The defendant is permanently restrained from entering the family dwelling or any dwelling where the plaintiff may reside or from harassing or assaulting the plaintiff at any time in the future.
Custody:
Legal and physical custody of the minor children shall remain with the plaintiff Wife. Visitation with the minor child, Chelsea (17 years of age) shall be at the discretion of the child. Visitation with the minor child, Carmen, shall continue as previously ordered. Neither child shall spend overnights in New York at the defendant's residence unless the accommodation is approved by the plaintiff.
Tax Issues:
The plaintiff shall be entitled to claim the minor child Carmen as an exemption on her tax return each year and the defendant shall be entitled to claim the minor child, Chelsea, as an exemption on his tax return each year. Each shall provide the other with a written waiver of the right to the exemption each year in a timely fashion and in a form in conformity with the requirements of the IRS.
The parties acknowledge that there is currently an outstanding debt to the IRS for the tax year 1998 and agree to be equally responsible for the same. The Wife has paid a substantial part of her one-half on a time agreement with the IRS and the Husband will pay the remaining balance, interest and penalties.
Each party shall be responsible for any errors or omissions resulting from information provided by him or her and shall pay any additional tax, interest and penalties associated therewith.
Legal Fees:
Considering the factors set forth in Connecticut General Statute § 46b-82, the court finds it fair and equitable to award legal fees in the amount of $2,000.00 to the plaintiff. The defendant is to either pay said amount in full within 90 days of CT Page 1682 the date of notice of these orders, or, within said time, to have reached an accommodation as to the payment of said fee over time, said payment accommodation to be at the discretion of plaintiff's counsel.
SO ORDERED
BY THE COURT
Stephen F. Frazzini, Judge Superior Court